**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**DAVID ACOSTA,**

               **Plaintiff,**

-vs-                                                Case No. 6:11-cv-1266-Orl-31GJK

**JAMES A. GUSTINO, P.A.; JAMES A. GUSTINO; TAYLOR & CARLS, P.A.; PAUL T. HINCKLEY; and ERIC F. WHYNOT,**

               **Defendants.**

## ORDER

This matter comes before the Court without a hearing on the Amended Motion to Dismiss Count XI and Count XII (Doc. 54) filed by the Defendants and the response (Doc. 56) filed by the Plaintiff. The Defendants are debt collectors who sought to convince the Plaintiff to pay a debt allegedly owed to his homeowners association by sending demand letters and, eventually, filing suit against him in state court. In Count XI and Count XII of the First Amended Complaint (Doc. 37), the Plaintiff alleges that the Defendants' collection efforts violated the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), Fla. Stat. 501.201, *et seq*. In essence, the Plaintiff complains that the debt collection efforts were unlawful because the assessments against him were not properly authorized by the HOA Board of Directors, because the amount the Defendants sought to collect included usurious interest charges, and because the HOA's claims against him were time-barred.

FDUTPA prohibits "[u]nfair methods of competition, unconscionable acts or practices, and unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce." Fla. Stat. § 501.204(1). The term "trade or commerce" is defined as "the advertising, soliciting, providing, offering, or distributing, whether by sale, rental, or otherwise, of any good or service, or any property, whether tangible or intangible, or any other article, commodity, or thing of value, wherever situated." Fla. Stat. § 501.203(8). An attempt to collect a debt by exercising one's legal remedies does not constitute "advertising, soliciting, providing, offering, or distributing" as those terms are used in Fla. Stat. § 501.203(8). Therefore, the Defendants were not engaged in "trade or commerce" when they sent demand letters and otherwise engaged in their debt collection efforts, and the Plaintiff has failed to state a claim for violation of FDUTPA. *Accord*, *State, Office of Att'y Gen. v. Shapiro & Fishman, LLP*, 59 So. 3d 353 (Fla. 4th DCA 2011) (law firm allegedly fabricating false documents for use in foreclosure cases was not engaged in trade or commerce for purposes of FDUTPA); *Kelly v. Palmer, Reifler, & Associates, P.A.*, 681 F.Supp.2d 1356 (S.D.Fla. 2010) (debt collecting law firm was not engaged in trade or commerce and firm's offers to settle and release claims in exchange for payment did not constitute soliciting or offering any article, commodity or thing of value for purposes of FDUTPA); and *Trent v. Mortgage Electronic Registration Systems, Inc.*, 618 F.Supp.2d 1356 (M.D.Fla. 2007) (mortgage lender's successor was not engaged in trade or commerce for purposes of FDUTPA when it sent pre-suit demand letters and foreclosed on mortgages).

In consideration of the foregoing, it is hereby

**ORDERED AND ADJUDGED** that the Amended Motion to Dismiss Count XI and Count XII (Doc. 54) is **GRANTED**, and Count XI and Count XII of the Amended Complaint are **DISMISSED WITHOUT PREJUDICE**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on September 12, 2012.

_____
GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party